CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE MELTON, | ) | CASE NO. 7:11CV00171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| TERESA JONES, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff Christopher Dale Melton, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Melton alleges that after he was diagnosed with an eating disorder while incarcerated that the Lynchburg City Jail (the jail), the defendant jail nurse failed to provide appropriate treatment. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Melton offers the following statement of his claim against Defendant Teresa Jones:

During my incarceration at the Lynchburg City Jail I experienced several medical related issues. I was diagnosed with Bulimia and a[n] Eating Disorder. Upon diagnosis I s[ought] treatment which was not given. I was placed on a nutri[tion]al supplement to help aid with this problem. I requested numerous times to be seen by a specialist which was denied. I also request[ed] to be seen by Personal medical profession[al]s with the same denial. I made numerous attempts to seek help but was denied and discriminated aside of other individuals that were granted help. I feel the Lynchburg City Jail was in violation of my constitutional

rights to seek medical attention. I was seen numerous times by a number of individuals at the Jail, [including T. Jones, RN,] with no progress.

(Compl. 4.) As relief in this action, Melton seeks compensatory damages.[1]

## Discussion

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a review of Melton's allegations, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would

---

[1] Melton indicates that he is now incarcerated at Deep Meadow Correctional Center, which is located within the jurisdiction of the United States District Court for the Eastern District of Virginia. Because he is no longer housed at the jail, any claim he might have for injunctive relief regarding future treatment of his eating disorder is moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (finding that after inmate's transfer, any claim for injunctive relief was moot, because he was no longer subject to the condition of which he complained).

2

easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Melton may be able to prove that the eating disorder constituted a serious medical need during his stay at the jail. However, Melton does not allege any facts indicating that jail staff acted with deliberate indifference to such a need. His allegations indicate that the medical staff, including the defendant, saw him several times while he was at the jail to evaluate and monitor his condition. The treatment these professionals believed appropriate for that condition was to provide Melton with a special nutritional supplement. In their medical judgment, they determined that his condition did not warrant an appointment with his own physician or with a specialist, as he requested. His submissions offer no indication that the defendant or other medical staff members knew that failure to provide different treatment for his eating disorder presented a substantial risk of serious harm, or that the supplement provided to him did not constitute a reasonable response to whatever risks his condition itself posed. Moreover, Melton fails to state facts indicating that he has suffered any specific injury as a result of the defendant's

actions or inactions.[2] Because Melton fails to state any constitutional claim, the court will dismiss this action without prejudice, pursuant to § 1915A(b)(1).

This sort of disagreement between the patient and medical staff over the appropriate course of treatment simply does not state any constitutional claim. At the most, it might conceivably give rise to a claim of medical malpractice under state law. Section 1983 was intended to protect only federal rights guaranteed by federal law and was not intended as an alternative vehicle by which to raise tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Any state law claims based on plaintiff's allegations are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

## Conclusion

For the stated reasons, the court concludes that plaintiff's allegations fail to state any claim actionable under § 1983, and that the complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1). The court also declines to exercise supplemental jurisdiction over any possible state law claims, pursuant to § 1367(c). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of April, 2011.

_____
Chief United States District Judge

---

[2] Melton also alleges that other inmates received "help" for their unidentified medical conditions. This allegation, however, is insufficient to support any constitutional claim, as he fails to demonstrate that he is similarly situated to the other inmates to whom he refers. See Moss v. Clark, 886 F.2d 686 (4th Cir. 1989).

4